UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER ALARCON BAYAS,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08333-DAD-JDP (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL AS MOOT</u><br><br>(Doc. Nos. 1, 2, 3, 4) |

On October 13, 2026, proceeding *pro se*, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 3.) On October 14, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On October 15, 2026, respondent filed an opposition. (Doc. No. 8.) In that opposition, respondent claims that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b) even though respondent acknowledges that petitioner was previously detained and paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). (*Id.* at 1–3.) Respondent argues that, as a parolee, petitioner is subject to the "entry fiction doctrine" and therefore he does not have any due process rights except those provided by statute. (*Id.*) Respondent contends that the Ninth Circuit's recent decision in *Padilla v. U.S. Immigration & Customs Enforcement*, --- F.4th ---, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026) supports its position in this regard. (*Id.* at 2–3.) However, numerous district courts in this circuit have expressly rejected respondent's interpretation of *Padilla*:

> The court in *Padilla* explained that "except for the extremely narrow category of people covered by the entry fiction, every person in the United States is entitled to the Fifth Amendment's guarantee of due process, regardless of their citizenship or legal status." *Padilla*, 2026 WL 2822044, at *15. Thus, Respondents contend that because Petitioner is subject to mandatory detention under § 1225(b), *Padilla* holds that Petitioner is not constitutionally entitled to any additional process beyond what is provided by statute. (Doc. No. 7 at 4–5.) Respondents ignore, however, that the court in *Padilla* clarified that the entry fiction doctrine applies in "an admission, not a detention, case." *Padilla*, 2026 WL 2822044 at *19. The court in *Padilla* further explained that "for that reason, as well as because" the class of plaintiffs in *Padilla* were not all subject to the entry fiction doctrine, that doctrine "has no application here, the government's fervent pleas for its vast expansion notwithstanding." *Id.* The court went to great lengths to clarify that "[a]dmission and detention occupy fundamentally different positions in our legal order," and that while the executive branch enjoys "plenary power over admission, the principle that the government cannot arbitrarily detain people, including noncitizens, has been a central tenet of British and American legal traditions since the thirteenth century." *Id.* at *16. Indeed, numerous courts in the Ninth Circuit have interpreted *Padilla* as applying only to due process protections relating to admissibility, not detention. *See e.g.*, *Marquez v. Warden, Desert View Facility*, No. 5:26-cv-05368-MBK, 2026 WL 2948874, at *4 (C.D. Cal. Oct. 1, 2026) (emphasizing that in *Padilla* the Ninth Circuit acknowledged "the government cannot arbitrarily detain people, including noncitizens ... and discuss[ed] the history of protections against arbitrary detention applied to noncitizens") (citation modified); *Kleber Vasquez v. Hernandez*, No. 2:26-cv-02873-TMC, 2026 WL 2936770, at *2 (W.D. Wash. Sep. 30, 2026) (addressing noncitizen who was detained after expiration of her § 1182(d)(5) parole following *Padilla*, and explaining that "while [the petitioner's] legal status regarding admission reverted to that of an arriving noncitizen once her parole expired, the Due Process clause

> continued to require constitutionally adequate procedures surrounding her detention"). Thus, contrary to Respondents' expansive interpretation of *Padilla*, that decision limited Petitioner's due process rights relating to his admissibility to those prescribed by statute; it had no impact on his due process rights relating to his detention. Because Petitioner challenges the lawfulness of his present detention, not his admissibility, *Padilla* does not affect this court's analysis regarding the due process protections necessary to detain Petitioner.

*Bravo Morillo, v. Chestnut*, No. 1:26-cv-08080-DC-JDP (HC), 2026 WL 3060542, at *1 (E.D. Cal. Oct. 13, 2026). Accordingly, this court similarly finds that the Ninth Circuit's decision in *Padilla* does not affect the analysis of the due process protections applicable to petitioner's detention.

Respondent does not oppose the court ruling directly on the merits of the underlying petition, (Doc. No. 8 at 1), and the court will do so based upon the briefing presently before it.

Based on the parties' briefing, the court finds the following facts. On or about May 25, 2023, petitioner entered the United States. (Doc. Nos. 1 at 12; 8-3 at 2.) Shortly thereafter, he was detained by immigration authorities and paroled into this country pursuant to 8 U.S.C. § 1182(d)(5). (Doc. Nos. 1 at 12; 8 at 2.) Petitioner was re-detained on July 31, 2026, apparently without notice of the reason for his re-detention or an opportunity to contest that re-detention. (Doc. Nos. 1 at 2; 8-3 at 4.)

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention, which were not provided in this case. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release). Accordingly, pursuant to the court's reasoning in *Rocha Chavarria*, the court finds that petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondent is ORDERED to immediately release petitioner Alexander Alarcon Bayas, A-File No. 246-923-358, from respondent's custody on the same conditions he was subject to prior to his re-detention on or about July 31, 2026;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion to proceed *In Forma Pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;

4. Petitioner's motion for appointment of counsel (Doc. No. 4) is DENIED as having been rendered moot by this order granting him habeas relief;

5. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE